NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2818
_____

MARCO TULIO ARANA-GUERRA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-482-423)
Immigration Judge: Matthew H. Watters
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2021

Before:  GREENAWAY, JR., KRAUSE and BIBAS, Circuit Judges

(Opinion filed: December 1, 2021 )
_____

PER CURIAM

Marco Tulio Arana-Guerra is a citizen of Guatemala. Arana-Guerra was removed from the United States in early 2006, based on a charge of inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (making inadmissible aliens who seek admission without valid travel documents). He quickly reentered the United States. Arana-Guerra was apprehended by ICE years later, prompting reinstatement of the 2006 removal order.

Arana-Guerra was placed in withholding-only removal proceedings. He sought to block removal by applying, pro se, for relief under the Convention Against Torture (CAT). Arana-Guerra testified at a hearing that if removed he would be killed by corrupt police officers. Apparently, Arana-Guerra (a former police officer himself) and his brother had helped the corrupt officers traffic drugs until one day in early 2005 when the officers killed the brother for refusing to cooperate further. According to Arana-Guerra, his family in Guatemala has received threatening communications ever since.

The immigration judge (IJ) made an adverse credibility finding and denied relief. Arana-Guerra then retained counsel to appeal. The Board of Immigration Appeals (BIA) determined that the IJ's adverse credibility finding was not clearly erroneous. The BIA agreed with the IJ that Arana-Guerra's representations in his written CAT application

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

differed in key ways from his affidavit and hearing testimony. The BIA determined that documentary evidence submitted by Arana-Guerra did not rehabilitate his testimony or independently carry his burden of proof, observing that some of that evidence was a collection of statements from family members that contradicted in part Arana-Guerra's own testimony. The BIA thus dismissed the appeal and permitted removal to proceed.

This pro se petition for review followed. We exercise jurisdiction over the petition pursuant to 8 U.S.C. § 1252(a)(1). Avila-Macias v. Ashcroft, 328 F.3d 108, 110 (3d Cir. 2003). We are reviewing the BIA's decision—considering the IJ's decision only insofar as the BIA deferred to it. See Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012).

Arana-Guerra principally challenges the agency's adverse credibility finding. But he does not offer any specific examples of flaws in that finding. Cf. Br. 5, 11 (arguing generally, and vaguely, that "sometimes things were not said as Petitioner had said but the meaning was lost in translation"). Regardless, we discern no basis to disturb the finding. Notably, review of a credibility or other administrative finding is extremely deferential: such a finding is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Garland v. Ming Dai, 141 S. Ct. 1669, 1677 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). Here, Arana-Guerra fails to meet that standard, for substantially the reasons given by the BIA in its decision.

Arana-Guerra's remaining arguments are also without merit. Arana-Guerra argues that the IJ should have informed him "that he can also [a]djust his status through his wife," Br. 5, but, as the Government correctly asserts, Arana-Guerra is not eligible for such relief given that he is "subject to a reinstated removal order," Gov't Br. 25 (relying on 8 U.S.C.

3

§ 1231(a)(5)); see Cazun v. Att'y Gen., 856 F.3d 249, 265 (3d Cir. 2017) (Hardiman, J., concurring).

Additionally, while Arana-Guerra appears to complain that the adverse credibility finding resulted from ineffective assistance of counsel, see Br. 16–17, this argument must fail because he proceeded pro se before the IJ. Insofar as Arana-Guerra is attempting to argue instead that BIA counsel performed poorly when challenging the IJ's adverse credibility on appeal, such an argument, if properly developed, would still be unsuccessful: none of the procedural requirements of In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), has been satisfied, and there is no apparent basis in the administrative record for concluding that Arana-Guerra was prejudiced by any purported deficiencies in BIA counsel's representation. Cf. Fadiga v. Att'y Gen., 488 F.3d 142, 159 (3d Cir. 2007) (explaining that "an alien claiming ineffective assistance of counsel in removal proceedings must, in addition to showing that his lawyer committed unprofessional errors, show that there was a 'reasonable likelihood that the result would have been different if the error[s] … had not occurred.'") (citation omitted).

For all of those reasons, Arana-Guerra's petition for review will be denied.